**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------
ROBERT LAWTON,                  :
                                :
                Plaintiff,      :    Civil No. 06-1167 (FSH)
                                :
        v.                      :
                                :         **OPINION**
A. ORTIZ, et al.,               :
                                :
                Defendants.     :
---------------------------------

**APPEARANCES:**

   ROBERT LAWTON, Plaintiff Pro Se
   # 77343-130933B
   East Jersey State Prison
   Lock Bag "R"
   Rahway, New Jersey 07065

**HOCHBERG, District Judge**

Plaintiff Robert Lawton ("Lawton"), currently confined at the East Jersey State Prison in Rahway, New Jersey, seeks to bring this action in forma pauperis ("IFP") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He initially submitted his Complaint, on or about March 10, 2006, without a complete IFP application. In particular, Lawton did not provide his six month institutional account statement as required under 28 U.S.C. § 1915(a)(2). Accordingly, this Court issued an Order, dated July 7, 2006, directing the Clerk of the Court to provide plaintiff with a blank form IFP application, and

allowing plaintiff to either remit the filing fee of $250.00 or a complete IFP application with his six-month account statement within 30 days. The Order further provided that, if plaintiff failed to pay the fee or submit a complete IFP application, the Complaint would be deemed withdrawn and the file would be closed. (Docket Entry No. 3).

On August 14, 2006, the Court issued an Order deeming the matter withdrawn and directing the Clerk to close the file without assessing any fees. (Docket Entry No. 4). On August 23, 2006, the Court received a letter from plaintiff asking that the Court reconsider and vacate its August 14, 2006 Order. Lawton provided a trust account statement covering only one month, from May 10, 2006 to June 15, 2006. He states that he submitted his IFP application to the prison business office, but the application was never returned to him for filing with the Court. He further alleges that the prison has been delaying response to his requests. Nevertheless, it appears from the account statement and plaintiff's earlier application to proceed as an indigent that he qualifies to proceed in forma pauperis.

Accordingly, the Court will vacate its August 14, 2006 Order and direct the Clerk of the Court to re-open the case. Further, based on Lawton's affidavit of indigence, the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), and his prison account statement, the Court will grant plaintiff's application

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a claim.

## I. BACKGROUND

Lawton brings this action under 42 U.S.C. § 1983 against defendants, A. Ortiz, Administrator of the East Jersey State Prison ("EJSP") where plaintiff is confined, and D. Taylor, a member of the EJSP Classification Board. (Complaint, ¶¶ 1-4). Lawton states that he was sentenced in state court on December 21, 1984, to a 45-year prison term with a 30-year parole disqualifier. (Compl., ¶ 5). He alleges that his attorney told him that he could reduce his maximum term date with good behavior, or commutation credit, and work credit. Lawton believed that his commutation and work credits would be applied by the defendants pursuant to state law. (Compl., ¶¶ 5, 6).

On November 14, 2005, Lawton filed a Inmate Remedy form seeking a re-calculation of his maximum term date to include his

work and commutation credits.  On December 20, 2005, defendant Taylor responded by sending a projected release calculation sheet,[1] and stating that Lawton could not be released before his 30-year parole disqualifier is satisfied, which should be on April 11, 2013.  (Compl., ¶¶ 7-9).

Lawton now argues that he was never sentenced to a mandatory minimum term, and that his sentence only mandates that he cannot be released on parole for 30 years.  He contends that this period of parole ineligibility does not "preclude[] him from reducing his sentence so that he could MAX. out his sentence and be released without parole."  Lawton further argues that he has accrued a total of 8449.92 days credit which equates to 23.15 years off his 45-year prison term.  Since Lawton has already served 21.25 years in prison, he claims that he is eligible for immediate release from prison because his sentence has been satisfied based on application of his accumulated credits.  (Compl., ¶¶ 10-12).

In his Complaint, Lawton asserts that defendants' actions in refusing to apply work and commutation credits to reduce the 30-year period of parole ineligibility violates state law and his right to due process and equal protection under the Fourteenth Amendment.  (Compl., ¶¶ 15, 16).  He seeks his immediate release

---

[1] This sheet indicated that Lawton has 618 days jail credit, 6540 days commutation credit, 1095.92 days work credit, and 196 days minimum credit.

from prison, and punitive damages in the amount of $1,000.00 per day for every day he is being held past his alleged maximum release date with the work and commutation credits applied. (Compl., ¶ 17).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

---

[2] The PLRA also requires the courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Lawton has incurred any strikes to date under 28 U.S.C. § 1915(g).

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short,

plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  **SECTION 1983 LIABILITY**

The Complaint asserts an action under 42 U.S.C. § 1983, alleging violations of plaintiff's constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

In his Complaint, Lawton asserts that he should be released from prison before his 30-year period of parole ineligibility has expired because he has accrued over 6880 days commutation and work credits, which, if applied, would serve to max out his sentence. Lawton seeks his immediate release plus money damages for everyday he remains in prison past the alleged expiration of his maximum term.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

9

>     sentence has already been invalidated.  But if the
>     district court determines that the plaintiff's action,
>     even if successful, will not demonstrate the invalidity
>     of any outstanding criminal judgment against the
>     plaintiff, the action should be allowed to proceed, in
>     the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Later, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.  See also Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  In Benson, petitioner sought both a writ of habeas corpus and declaratory relief and punitive damages under § 1983 for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated.  Id. at 828.  The Court held that a decision in Benson's favor would "necessarily entail

a determination of Benson's proper initial parole eligibility date." Id. at 832. Further, the Court determined that Benson's suit was an attack on the duration of confinement because he sought to "correct" his parole eligibility records by way of declaratory judgment. See id. (citations omitted). Because Benson ultimately sought an earlier parole eligibility date, his claims were reviewable by habeas petition only. See id. (citation omitted).

Here, Lawton complains that defendants have refused to apply commutation and work credits that would reduce his time in prison and specifically seeks his immediate release from prison. To the extent that Lawton argues that he is entitled to immediate release from prison, such claim is reviewable only by habeas petition.

Moreover, the action for damages is not cognizable pursuant to Heck and Benson. Any decision in Lawton's favor would necessarily entail a determination that Lawton is in fact entitled to immediate release and that the application of credits to his sentence is being executed improperly. Therefore, the Complaint seeking plaintiff's immediate release from prison and damages for everyday he remains in custody will be dismissed without prejudice to Lawton bringing such claim by way of a

11

federal habeas petition after he has exhausted his state court remedies.[3]

---

[3] It would appear that Lawton's claim may not survive a federal habeas petition. Lawton claims that the State's refusal to apply commutation and work credits to reduce his entire prison term violates his rights to due process and equal protection. He was sentenced to a 45 year prison term with a mandatory minimum of 30 years (without parole eligibility). This mandatory minimum term cannot be reduced by commutation and work credits as expressly mandated by state statute, N.J.S.A. 40:123.51a. See Merola v Department of Corrections, 285 N.J. Super. 501, 509-510 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996). Specifically, N.J.S.A. 40:123.51a provides: "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits shall only be awarded subsequent to the expiration of that term."

In Merola, the state appellate court found that the State Legislature had "enacted unambiguous statutes prohibiting the reduction of mandatory minimum sentences through the application of commutation and work credits." 285 N.J. Super. at 509 (referring to both N.J.S.A. 30:4-123.51 and N.J.S.A. 2C:11-3b, which imposes a 30-year mandatory minimum sentence on non-capital murders). The court also held that Merola did not have a constitutionally protected liberty interest in reducing his mandatory minimum sentence under the Due Process Clause of the New Jersey and United States Constitutions. Merola, 285 N.J. Super. at 512-514. In particular, the court relied on United States Supreme Court precedent holding that there is no federal constitutional right to good time (or commutation) credits. Id. at 513 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Further, there is no federal constitutional right guaranteeing a prisoner the right to work during his incarceration. Johnson v. Fauver, 559 F. Supp. 1287, 1290 (D.N.J. 1983). Accordingly, the state court held that where an inmate has no federal constitutional right to receive commutation and work credits, correspondingly, he has no right to apply such credits "in contravention of a state statute requiring that an inmate serve a mandatory minimum term." Merola, 285 N.J. Super. at 513.

Finally, the court also rejected Merola's equal protection claim. The court held that the classification was not suspect, and that the State need show only a rational basis for its classification. Id. at 514 ("Clearly, a rational basis exists for distinguishing between inmates based on the severity of the

V.   CONCLUSION

For the reasons set forth above, the August 14, 2006 Order deeming this action withdrawn will be vacated, and the file will be re-opened.  Further, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim under 42 U.S.C. § 1983 at this time.  An appropriate order follows.

    /s/ Faith S. Hochberg
United States District Judge

DATED:   September 18, 2006

---

crimes committed").  Thus, the court found that the restricting statutes were rationally related to a legitimate government interest.  Id. at 514-15.

Therefore, while N.J.S.A. 30:4-140 and 30:4-92 permit inmates to accrue credits for continuous good behavior and productive work while in prison that may reduce their sentences, such credits can not be applied to reduce mandatory minimum sentences.  N.J.S.A. 30:4-123.51.  This statute is a part of the Parole Act of 1979, N.J.S.A. 30:4-123.45 to .69, in effect and applicable at the time Lawton was convicted and sentenced in 1984.